UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTH MARIE ANDERSON,<br><br>        Plaintiff,<br>   v.<br><br>KING COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>        Defendants. | CASE NO. 3:25-cv-05391-TMC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 7, 2025 |

On May 7, 2025, Plaintiff Ruth Marie Anderson filed an Application to proceed *In Forma Pauperis* ("IFP"). Dkt. 1. On May 14, 2025, this Court ordered Plaintiff to either show cause why her IFP Application should not be denied or to file an amended application by June 13, 2025. Dkt. 4. The Court explained that Plaintiff's IFP Application omitted information necessary to determine her ability to pay court fees and costs, specifically regarding her present or past income. *Id*. In addition, Plaintiff failed to answer Questions 4–8 on the IFP Application form. *Id*. To date, Plaintiff has not filed a response to the Order to show cause.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523

REPORT AND RECOMMENDATION - 1

1  (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant

2  must show that he or she "cannot because of his [or her] poverty pay or give security for the

3  costs and still be able to provide him[ or her]self and dependents with the necessities of life."

4  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations

5  omitted).

6        After careful consideration of Plaintiff's IFP Application, the governing law, and the

7  balance of the record, the Court recommends Plaintiff's IFP Application (Dkt. 1) be **DENIED**

8  and Plaintiff be directed to pay the $405.00 filing fee within 30 days of the date this Report and

9  Recommendation is adopted. If no filing fee is paid, the Clerk should be directed to close the

10 case. A proposed order accompanies this Report and Recommendation.

11       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

12 shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

13 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

14 appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848

15 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the

16 Clerk is directed to set the matter for consideration on July 7, 2025, as noted in the caption.

17       The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and

18 to the Honorable Tiffany M. Cartwright.

      Dated this 20th day of June, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2